**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Paul Matthew Fields, ) | |
| ) | Civil Action No. 5:16-cv-00728-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Expedited Logistics Solutions LLC, Frank ) | |
| Joseph Loftis, and South Carolina ) | |
| Department of Transportation, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

  Before the court is Plaintiff Paul Matthew Fields' ("Plaintiff") motion to remand the case to the Court of Common Pleas for Orangeburg County, South Carolina. (ECF No. 6.) Defendants Expedited Logistics Solutions, LLC ("ELS"), and Frank Joseph Loftis oppose Plaintiff's motion and ask the court to retain jurisdiction. (ECF No 7.) For the reasons set forth herein, the court **GRANTS** Plaintiff's motion to remand (ECF No. 6).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

  On March 5, 2015, Plaintiff filed a complaint in the Court of Common Pleas for Orangeburg County, South Carolina. (ECF No. 1-1.) Plaintiff, a citizen of South Carolina, alleges that Loftis, a citizen of Tennessee, while operating a tractor trailer for ELS, a North Carolina company, failed to yield the right of way and attempted to make a left turn from a private drive onto South Carolina Secondary 49, blocking four lanes of traffic and causing Plaintiff to collide with the trailer. (*Id.* at 3-4.) Plaintiff further alleges that the South Carolina Department of Transportation ("SCDOT") failed to properly maintain safe road conditions and that rutting in the roadway caused standing water which contributed to Plaintiff's inability to stop before colliding with the trailer. (ECF No. 1-1 at 4, 7-8.) Service appears to have been made upon ELS on May 1,

1

2015, upon Loftis on April 13, 2015, and upon SCDOT on May 5, 2015. (*See* ECF No. 1 at 3.)

On May 1, 2015, Loftis and ELS filed a notice of removal, commencing Civil Action No. 5:15-cv-01866-JMC and asserting that the court had jurisdiction over the matter under diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (No. 5:15-cv-01866-JMC, ECF No. 1 at 2.) Loftis and ELS asserted that SCDOT was a fraudulently joined defendant "because there is no possibility, based on the pleadings, that plaintiff can state a cause of action against Defendant [SC]DOT in state court." (*Id.* at 3.)

Plaintiff moved to remand the case back to state court, arguing that SCDOT was not fraudulently joined and that the court lacked diversity jurisdiction because Plaintiff and SCDOT were not diverse. (No. 5:15-cv-01866-JMC, ECF No. 13.) Considering the motion to remand, the court noted that Loftis and ELS had argued only that "Plaintiff could not establish a cause of action of negligence against Defendant SCDOT because 'no one who investigated the accident, including the investigating officer, the South Carolina Highway Patrol, or the [South Carolina Highway Patrol Multi-Disciplinary Accident Investigation Team ("MAIT")] team found . . . that there was any defect or condition in the roadway that was a contributing factor to this accident." (No. 5:15-cv-01866-JMC, ECF No. 29 at 3 (quoting No. 5:15-cv-01866-JMC, ECF No. 1 at 3)).) Contrary to this assertion, the court observed that "in his Response . . . , Plaintiff cites to the deposition of Trooper Michael Laird in which Laird stated that road defects would not be listed on accident reports and further that the road did have a defect causing standing water." (*Id.* (citing No. 5:15-cv-01866-JMC, ECF No. 27-1 at 3).) Because Loftis' and ELS's only argument was based on a lack of evidence to support Plaintiff's claim of negligence against SCDOT and because this argument was meritless, as there was indeed such evidence, the court determined that "Plaintiff

---

[1] SCDOT later consented to the removal. (No. 5:15-cv-01866-JMC, ECF No. 5.)

can demonstrate at least a possibility he may succeed" and that Loftis and ELS had not met "the high burden of establishing that 'there is *no* possibility' Plaintiff could establish a cause of action against the in-state Defendant." (*Id.* at 3-4.) Accordingly, the court concluded that removal had been improper and remanded the case to state court. (*Id.* at 4.)

On Monday, March 7, 2016, Loftis and ELS filed a second notice of removal, commencing the instant action.[2] (ECF No. 1.) As grounds for removal, they again assert that SCDOT has been fraudulently joined and that the court may entertain the matter under its diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (*Id.*) They challenge Plaintiff's and the court's reliance on the deposition of Trooper Laird, claiming that it is unrelated to the collision underlying the instant case and that they are unable to nail down Trooper Laird's identity. (*See id.* at 6, 10-11; ECF No. 7 at 4-6, 18.) They also state that, during Plaintiff's deposition on March 7, 2016, they learned for the first time that Plaintiff has no recollection of the collision, does not recall any water on the road that day, but does recall that it was a sunny day. (*See* ECF No. 1 at 2, 9; ECF No. 7 at 7-8.) Although it is not clear from the record before the court, it appears that discovery in the state court action was not complete at the time Loftis and ECL filed their second notice of remand, and the court notes that Loftis and ECL have not asserted that it was complete. Nonetheless, Loftis and ELS essentially argue that because Plaintiff has produced no evidence that the road was in a dangerous condition due to standing water being on it or that SCDOT had notice of such a condition, he cannot maintain a cognizable claim for negligence against SCDOT. (*See* ECF No. 7 at 16-18.)

On March 21, 2016, Plaintiff filed the instant motion to remand, raising three arguments. (ECF No. 6.) He first argues that remand is necessary because, pursuant to 28 U.S.C. § 1446(c)(1),

---

[2] SCDOT later consented to the second removal. (ECF No. 4.)

the notice of removal was untimely filed. (*Id.* at 6-7.) He next argues that the second notice of removal amounts to an impermissible motion to reconsider the court's order remanding the case back to state court in Civil Action No. 5:15-cv-01866-JMC. (*Id.* at 7-8.) Lastly, he argues that he has stated a cognizable claim for negligence against SCDOT and that, contrary to Loftis' and ELS's assertion, has adduced evidence supporting his allegation that the road held standing water, rendering it unreasonably dangerous. (*Id.* at 8-9.) The evidence to which he points is not only Trooper Laird's deposition but also (1) photographs of conditions at the scene on the day of the collision, which show an overcast sky, wet asphalt, standing puddles of water on the roadway, and ruts in the roadway; and (2) Plaintiff's hospital records, which explain that, when a helicopter evacuation of Plaintiff was requested, the request was initially denied due to weather conditions and was later approved when the weather changed. (*Id.* at 9; *see* ECF Nos. 6-1, 6-2.)

## II. STANDARD OF REVIEW

To properly establish diversity jurisdiction, a defendant seeking removal must show complete diversity among defendants and plaintiffs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Accordingly, "it [is] difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit." *Mayes*, 198 F.3d at 461. A defendant may accomplish this feat, however, through the doctrine of fraudulent joinder.

To establish fraudulent joinder, the removing party must demonstrate either that the plaintiff "committed outright fraud in pleading jurisdictional facts, or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's

4

favor." *Johnson v. Am. Towers,* LLC, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotation marks omitted). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Thus, to defeat an allegation of fraudulent joinder, "'there need be only a slight possibility of a right to relief.'" *Mayes*, 198 F.3d at 466 (quoting *Hartley*, 187 F.3d at 426); *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

### III. ANALYSIS

In his motion to remand, Plaintiff first argues that the second notice of removal was untimely filed, pursuant to 28 U.S.C. 1446(c)(1), which states that a case may not be removed based upon diversity jurisdiction "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, the action commenced on March 5, 2015, the date the Plaintiff filed his complaint in state court, *see* S.C. Code Ann. § 15-3-20(B) (2005), and Loftis and ELS filed the second notice of removal on March 7, 2016. Plaintiff argues that, to be timely, the notice needed to be filed by Friday, March 4, 2016, which, because 2016 is a leap year, is 365 days after the date on which the complaint was filed. (*See* ECF No. 6 at 6-7.) Loftis and ELS, however, argue that the date falling one year after March 5, 2015 is, March 5, 2016, and, because that date is a Saturday, the deadline for filing the notice of removal fell on the following Monday, March 7, 2016, the date on which they filed their second notice of removal. (*See* ECF No. 1 at 2-3, 10; ECF No. 7 at 10-13); *see also* Fed. R. Civ. P. 6(a)(1).

How long is a year? More specifically, how long is a one year period—365 days or 366 days—when included within the period is a leap day assigned by the Gregorian calendar? In

5

determining the length of years, some courts have applied the calendar method, in which years are measured as any consecutive 365-day period beginning at any date, but other courts have used the anniversary method, in which the last day for accomplishing an act is the anniversary date of the period's commencement, which would make any one-year period encompassing a leap day 366 days. *See, e.g.*, *Singh v. Attorney Gen.*, 807 F.3d 547, 550 n.5 (3d Cir. 2015). Neither the Fourth Circuit nor this district appear to have ever addressed the issue or to have chosen a side. Happily, the court need not do so here, because, as discussed below, even assuming that the notice of removal was timely filed and that Loftis and ELS need not show bad faith in order for removal to be effected, the court concludes that the case must be remanded.

Next, Plaintiff argues that the second notice of removal amounts to a motion to reconsider the court's prior order remanding the case back to the state court. As both sides agree, "a district court may not review—pursuant to a motion for reconsideration—an order remanding a case for lack of diversity jurisdiction, even in the face of evidence of fraudulent joinder." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) (citing *In re Lowe*, 102 F.3d 731, 733–34 (4th Cir. 1996). A successive notice of removal will, in some circumstances, amount to an impermissible motion to reconsider. *See Bowyer v. Countrywide Home Loans Serv. LP*, No. 5:09-cv-00402, 2009 WL 2599307, at *3-5 (S.D.W. Va. Aug. 21, 2009) (providing thorough discussion of the issue). In order to avoid this rule, a successive notice must not be premised on the same ground as the previous notice, which often requires an assessment of the papers on which a defendant relies in the successive notice and whether such papers were in the state court's record before the first and second notices. *See id.* The court declines to undertake that assessment here, because, even assuming that the second notice does not amount to a motion for reconsideration of the court's previous remand order, the court still concludes that remand is necessary.

Lastly, Plaintiff argues that remand is appropriate because the evidence he has adduced demonstrates the possibility of a cause of action against SCDOT and, therefore, Loftis' and ELS's claim of fraudulent joinder, which underlies its notice of removal, must fail. The court agrees. Rather than an attack on the cognizability of Plaintiff's negligence claim against SCDOT as a matter of law, Loftis and ELS advance an attack premised on Plaintiff's alleged failure to adduce evidence in support of a negligence cause of action. The court observes that, under the standard of review set forth above, such an attack is extremely unlikely to succeed, as it asks the court to weigh evidence regarding an element of a cause of action (here, the evidence regarding whether SCDOT caused Plaintiff's injuries). *See Trout v. John Newcomb Enters., Inc.*, No. 5:14-cv-13501, 2014 WL 3362850, at *5 (S.D.W. Va. July 9, 2014) ("Though courts may consider matters outside the pleadings to determine whether a party has been fraudulently joined, those documents may be used to establish the basis of joinder, not to weigh the evidence against the non-diverse defendant."); *Rollins v. Monsanto Co.*, No. 3:09-cv-01459, 2010 WL 3852332, at *6 (S.D.W. Va. Sept. 29, 2010) ("Whatever discrepancy might exist between evidence . . . and the Complaint's allegations . . . is insufficient . . . . If the allegations in the plaintiff's Complaint are true, the plaintiff will certainly be able to establish a cause of action . . . ."). This strikes the court as especially true when, as here, the removing defendant has not established that discovery in the state court has closed. Further, the chance of a challenged removal based on fraudulent joinder succeeding in such circumstances fades to an infinitesimal amount when the plaintiff produces any evidence in support of the element at issue.

The instant case illustrates these points. The complaint alleges that SCDOT was negligent because it had a duty to maintain the road so that it was not unreasonably dangerous to motorists, like Plaintiff, who used it; that SCDOT breached this duty by failing to maintain the road such that

7

it held standing water; and that the standing water in the road on the day of the collision contributed to Plaintiff's inability to stop before colliding with the tractor trailer. Loftis and ELS do not argue that these allegations state a claim for negligence, and they do not contend that such a claim against SCDOT is not a cognizable cause of action. Instead, their arguments are aimed at demonstrating that insufficient evidence has been adduced that the road held water on the day of the collision. Standing alone, this tactic is not likely to work. *See Trout*, 2014 WL 3362850, at *5; *Rollins*, 2010 WL 3852332, at *6. Moreover, the fact that it is not clear that discovery is closed should give the court serious hesitation in ruling conclusively that Plaintiff could not come forward with evidence supporting his allegation that the collision was caused in part by water on the roadway. The mere fact that discovery remains open prevents the court from concluding that such evidence would be *impossible* to come by. Furthermore, Plaintiff has adduced some evidence that the roadway held standing water on the day of the collision. Even discounting Trooper Laird's deposition as Loftis and ELS ask, the photographs and hospital records are evidence that the road held standing water at the time of the collision. Loftis' and ELS's reliance on Plaintiff's deposition testimony is of no aid. Any evidence that the road did not hold standing water based on Plaintiff's testimony is countered by evidence in the photographs and Plaintiff's medical records to the contrary, and the court certainly would be obligated to view such evidence in Plaintiff's favor. At the end of the day, an evidentiary contest necessarily means that Plaintiff's claim against SCDOT has a "glimmer of hope" and that Loftis and ELS have not "negate[d] all possibility of recovery" against SCDOT. *Hartley*, 187 F.3d at 426.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 6) is **GRANTED**, and this action is **REMANDED** to the Court of Common Pleas for Orangeburg County, South Carolina, for further proceedings.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

December 9, 2016
Columbia, South Carolina